# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3645

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Saul Castro, also known as Jorgie | * | [UNPUBLISHED] |
| Birveta, also known as Raul, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 15, 1999
Filed: June 21, 1999

_____

Before BEAM, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Saul Castro appeals his drug-related conviction. Having relied on the defense of coercion or duress at trial, Castro contends that no reasonable jury could have found him guilty of the charged offense. We reject Castro's contention. The record contains substantial evidence of Castro's guilt. Finding no basis for reversal, we affirm Castro's conviction. See 8th Cir. R. 47B.

HEANEY, Circuit Judge, concurring.

I agree that the decision of the district court should be affirmed and that it should be affirmed on the merits rather than on the jurisdictional issue raised by appellant. I write separately to indicate displeasure with the procedures followed by the Minneapolis Police Department in this case. According to the government's brief, Esteban Torres was arrested when thirty pounds of marijuana were found in his apartment. At the time the narcotics were found, the investigating officers informed Torres that if he provided information relating to three other cases, the charges would be dropped. Thereafter, according to the government's brief, the police made arrangements for Torres to make a controlled purchase of ten ounces of cocaine from Castro. The arrangements were carried through and Castro was arrested.

I do not believe that government agents should be in the business of dismissing charges against a drug offender on condition that the drug offender involve other persons in future drug transactions. It is one thing for the police to seek cooperation from an arrestee for transactions prior to his arrest, but it is quite another thing for law enforcement to promise a person immunity if he participates in future drug transactions involving others. In my view, this practice breeds contempt for law enforcement.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-